Janice L Park, pro se
P. O. Box 202726
Anchorage AK 99520
Ph. 907-243-9873; 415-713-2287
waterstore@gci.net

RECEIVED
AUG 0 8 2019
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

JANICE PARK, an individual; ) Case No.: 3:19-CV-00220-SLG
)
    Plaintiff, )
) COMPLAINT FOR PERSONAL
vs. ) INJURY, NEGLIGENCE
) AND BAD FAITH
WAL-MART, USA LLC )
)
    Defendants. )
)

Plaintiff JANICE PARK (PARK) respectfully alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by Plaintiff Janice L Park against Defendants WAL-MART stores resulting when PARK fell in the Anchorage WAL-MART store at 8900 Old Seward Highway, Anchorage Alaska 99515.

## THE PARTIES

2. Plaintiff, Janice L Park, (hereinafter PARK) is an individual and citizen of the State of Alaska. Janice is 69 years old, a contract Paralegal and retired small business owner.

1

3. Defendant WAL-MART USA, LLC ( hereinafter "WAL-MART") is a California Corporation whose principal place of business location is 708 SW 8TH STREET, BENTONVILLE, AR 72716. WAL-MART has stores and distribution centers throughout the United States and the world.

4. Defendant WAL-MART South Anchorage store is represented in Alaska by C T Corporation System, 9360 Glacier Hwy Ste 202, JUNEAU, AK 99801.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states where Defendants are incorporated and have their principal places of business thus establishing a federal question in diversity..

6. Venue is proper in this district, because the incident occurred in Anchorage, Alaska in the Municipality of Anchorage, which falls within the jurisdiction of this Court.

7. Further, the Plaintiff lives in Anchorage and any potential witnesses to the accident are likely to be located in Anchorage

8. This Court has subject matter jurisdiction over this matter under Title 28 U.S.C. § 1331 (federal question jurisdiction), § 2201 (authorizing declaratory relief), and § 2202 (authorizing injunctive relief).

9. Venue is proper in this Court under Title 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10. PARK hereby incorporates Paragraphs 1 through 9 above, and incorporates them as though fully set forth here.

11. WAL-MART is the world's largest retailer, with nearly 11,000 stores worldwide. For the fiscal year ending on January 2014, WALMART had sales of approximately $473 billion and ranks first on the FORTUNE500.

12. On March 24, 2019 at approximately 8:15 PM WAL-MART was open for business in its South Anchorage store location at 8900 Seward Highway in Anchorage Alaska in its customary manner.

13. PARK entered the premises of WAL-MART by its Pharmacy entrance and selected a product from that department. PARK then set forth to walk across the store to the food department.

14. Approximately halfway across the store PARK stepped on unknown debris on the floor, causing her to slip. Despite her best effort to regain her balance, PARK fell with great force on her left arm, wrist and knee.

15. A witness came to assist PARK, who was too badly injured to stand immediately after the impact.

16. When the witness knelt to assist PARK, the witness immediately noted grains or debris on the floor which had caused PARK to slip.

17. WAL-MART employees subsequently ran to assist PARK also noting the substance on the floor which had caused PARK to slip and fall. WAL-MART employees thereupon posted out hazard signs to prevent other patrons from falling.

18. WAL-MART was careless and negligent in the ownership and operation of its store, which caused PARK to suffer severe personal injuries.

3

COMPLAINT FOR PERSONAL INJURY, NEGLIGENCE AND BAD FAITH

19. As a direct and proximate result of said fall, PARK sustained severe painful bodily injuries, including but not limited to her fractured arm which required multiple extensive medical treatments, and require significant physical rehabilitation.

20. As a direct and proximate result of the physical injuries sustained by PARK in the fall, she has been incapacitated from pursuing her usual employment and other activities, may be left with disabilities that will in the future similarly incapacitate her and cause her pain and suffering, and may require medical treatment.

21. As a direct and proximate result of the physical injuries sustained by PARK in the fall, she suffered from loss of society, mobility, and other significant consequences.

22. WAL-MART knew, or should have known, that a hazardous condition existed immediately before the subject accident on March 24, 2019.

23. Upon information and belief, WAL-MART recklessly and intentionally failed to take proper measures to maintain its floors and premises; and failed in its duty to provide a safe shopping environment for its patrons.

24. As a direct, substantial, and proximate result of the reckless or intentional conduct of WAL-MART, as set forth above, PARK suffered serious injuries and damages.

25. As a result of WAL-MART knowingly negligent, willful, wanton, and intentional conduct, it should be appropriately punished with the imposition of punitive damages.

26. Solely as a result of the failure of the Defendant to properly maintain open floor areas of WAL-MART clean and free of hazards PARK sustained serious and severe injuries to her person, including, but not limited to, the following injuries: contusions to her left shoulder and arm; fractured left arm greater humeral tuberosity; trauma in left shoulder;

COMPLAINT FOR PERSONAL INJURY, NEGLIGENCE AND BAD FAITH

post-traumatic pain in left shoulder, arm, wrist and knee; anxiety; and other serious and severe personal injuries.

27. Solely as a result of the injuries aforementioned, PARK has incurred damages, including:

    a. Medical expenses;

    b. Lost self employment;

    c. That she has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

    d. That she has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and

    e. Her overall health, strength, and vitality have been greatly impaired.

## COUNT I: NEGLIGENCE OF DEFENDANT

28. The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 27 above as if more fully set forth herein.

29. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant, WAL-MART, which consisted inter alia of the following particulars:

    a. Failing to properly supervise the customer sales areas in question so as to furnish to the Plaintiff, Janice Park a safe, clean, and level transit free from hazards which were recognized or should have been recognized by Defendant, WAL-MART causing or likely to cause the serious physical harm to the Plaintiff and others;

b. Failing to maintain the above mentioned sales floor and customer walkway areas in a safe condition to ensure that the Plaintiff would not be caused to slip and fall as a result of the sand, debris, or other impediment which existed and which were known and should have been known to the Defendant WAL-MART;

c. Failing to properly inspect the above mentioned sales floor and customer walkway wherein the Plaintiff was caused to fall as a result WAL-MART 's failure to remove the sand, debris, or other hazardous substance;

d. Failing to maintain the premises at Defendant's WAL-MART store in good and safe condition for the Plaintiff and others;

e. Failing otherwise to comply with the applicable laws and regulations of the State of Alaska and the applicable Federal laws and regulations;

f. Otherwise failing to exercise the degree of care required under the circumstances; and

g. Otherwise being negligent.

30. As a result of the aforesaid conduct and breach of care WAL-MART, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of PARK contributing thereto.

## COUNT II: BAD FAITH

31. PARK hereby incorporates Paragraphs 1 through 30 above, and incorporates them as though fully set forth here.

32. WAL-MART is self insured.

33. WAL-MART has been at all times mentioned fully aware of the fall, the hazardous substance which caused the fall, and all circumstances related thereto.

34. WAL-MART employees took an internal incident report, including the statement and contact information of a direct witness.

35. On information and belief WAL-MART is also in possession of a video recording of the fall and related circumstances.

36. PARK has requested WAL-MART supply her with surveillance video.

37. WAL-MART refused to supply PARK with the video.

38. WAL-MART is aware from their employees, their actions, their internal incident report, and the witness statement that there was a hazardous substance on the floor which rendered it unsafe.

39. WAL-MART has refused to deal with Plaintiff in good faith

## DEMAND FOR A JURY TRIAL

40. PARK hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b) (1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE; Plaintiff demand upon Defendant relief as follows:

1. That this matter be scheduled for Jury Trial;

2. Grant her judgment for actual, compensatory and statutory damages against Defendant of an amount of $150,000.00 or other amount to be determined at trial;

3. Grant her judgment for costs, pre-judgment interest, post-judgment interest:

COMPLAINT FOR PERSONAL INJURY, NEGLIGENCE AND BAD FAITH

4. Grant her judgment for punitive damages as allowed by law;

5. Grant her judgment for Attorneys' fees as permitted by law;

6. Grant her judgment for any and all such further relief as this Court deems just and proper;

RESPECTFULLY SUBMITTED UNDER PENALTY OF PERJURY THIS 8TH DAY OF AUGUST 2019.

*[signature]*

Janice L. Park
*In propria persona*